UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

------------------------------X

| | |
|---|---|
| UTSCH'S MARINA, INC. | CIVIL ACTION NUMBER |
| Plaintiff, | 1:11-CV-04056-RMB-JS |
| | IN ADMIRALTY |
| VS. | ORDER FOR |
| | INTERLOCUTORY SALE OF THE |
| | FOLLOWING VESSELS |
| MOTOR VESSEL, "POPS WAY", A | M/V, POPS WAY; |
| 1976 26' PENN YAM, BEARING HULL | M/V, 25'GRADY WHITE; |
| ID NUMBER PYB26144M75G & | M/V, GOLDEN GAFF; |
| REGISTRATION NUMBER NJ4159AK, | M/V, GRABBENFISH; |
| HER ENGINES, TACKLE, APPAREL & | M/V, 29'LUHRS; |
| HER APPURTENANCES IN REM & | S/V, MISS MILLIE; |
| LARRY BESA IN PERSONAM *ETAL* | M/V, 34' SILVERTON; |
| | M/V, NEVER ENOUGH; |
| | M/V, MAVERICK |
| Defendants | M/V, CHILLIN OUT |

------------------------------

WHEREAS, Plaintiff, UTSCH'S MARINA, INC., filed this action on July 15, 2011, and

WHEREAS, the United States Marshall arrested the following "Vessels" on July 29, 2011:

1. MOTOR VESSEL, "POPS WAY", A 1976, 26' PENN YAN, Bearing Hull ID Number PYB26144M75G & Registration Number NJ4159AK, Her Engines, Tackle, Apparel & Her Appurtenances, &

2. MOTOR VESSEL, 1991 25' Grady White, Bearing Hull ID Number NTLCB508J091 and Registration Number NJ8418FS, Her Engines, Tackle, Apparel & Her Appurtenances, &

1

3. MOTOR VESSEL, "Golden Gaff", a 1998 27' 8" Bayliner, Bearing Hull ID Number USCA278CK798 Registration Number NJ5671GH, Her Engines, Tackle, Apparel & Her Appurtenances, &

4. MOTOR VESSEL, "Grabbenfish", a 1971 28' Pacemaker, Bearing Registration Number NJ2399FJ, Her Engines, Tackle, Apparel & Her Appurtenances, &

5. MOTOR VESSEL, 1986 29' Luhrs, Bearing Hull ID Number LHR290026586, Registration Number PA6439CH, Her Engines Tackle, Apparel & Her Appurtenances, &

6. SAILING VESSEL, " Miss Millie, a 1978 27' Buccaneer Sailboat, Bearing Hull ID Number BLBE97971077-8Z & Registration Number NJ 7363CA, and trailer bearing Tag Number TUA 705, Her Shorelander Trailer, Her Engines, Tackle, Apparel & Her Appurtenances, &

7. MOTOR VESSEL, A 34' SILVERTON, Bearing Hull ID Number STNO2318M80E34C & Registration Number NJ5687WK, Her Engines, Tackle, Apparel & Her Appurtenances, &

8. MOTOR VESSEL, "NEVER ENOUGH", A 1975 30' TROJAN, Bearing Hull ID Number TRJO52631074 & Registration Number NJ5320FH, Her Engines, Tackle, Apparel & Her Appurtenances

9. MOTOR VESSEL, "MAVERICK", A 1986 34' Silverton, Bearing Hull ID Number STN34267H485 & Registration Number NJ8450FB, Her Engines, Tackle, Apparel & Her Appurtenances.

10. MOTOR VESSEL, "CHILLIN OUT", a 25' Parker, Bearing Hull ID Number PXM25572K990 & Registration Number NJ0439FO, Her Engines, Tackle, Apparel & Her Appurtenances, and

WHEREAS,

1. LARRY BESA, owner of Defendant M/V "POPS WAY", A 1976, 26' PENN YAN, has not posted security, and

2. JOSEPH FEDELE, Jr., owner of Defendant M/V 1991 25' Grady White, has not posted security, and

3. DAVID GOLDEN, owner of Defendant M/V 1998 27' 8" Bayliner has not posted security, and

4. ROBERT GRABENSTETTER, owner of Defendant M/V 1971 28' Pacemaker, has not posted security, and

2

5. **WALT HAZLET , ALSO KNOWN AS WALTER H. HASLETT, owner of Defendant M/V 1986 29' Luhrs,** has not posted security, and

6. **MILLIE JOHNSON, owner of Defendant S/V a 1978 27' Buccaneer Sailboat,** has not posted security, and

7. **DAVID FIRTH, owner of Defendant M/V, A 34' Silverton,** has not posted security, and

8. **ROBERT OBERHOLTZER, owner of Defendant M/V "NEVER ENOUGH",** has not posted security, and

9. **NORLYNN RITTER, owner of Defendant M/V "MAVERICK",** has not posted security, and

10. **ROD THOMPSON, ALSO KNOWN AS RODMAN E. THOMPSON, RODMAN ELLISON THOMPSON, R. ELLISON THOMPSON, R. E. THOMPSON, R. THOMPSON owner of Defendant M/V "Chillin Out". a 25' Parker,** has not posted security, and

**WHEREAS,** it appears that the "Vessels" are liable to depreciate in value while detained in custody pending the final determination of this suit, and that said "Vessels" are subject to mounting expenses which are, or will become, excessive or disproportionate, and that further unnecessary expenses will be incurred for the maintenance and preservation of the "Vessels" while they are in the custody of the Marshall, and

**WHEREAS,** it further appears that it is in the best interest of all parties that the sale of the "Vessels" be made promptly in order to avoid depreciation to the "Vessels," and to avoid unnecessary, excessive, and disproportionate expenses in the preservation and maintenance thereof; and

**NOW,** on reading the papers submitted herein, upon Motion of Eugene J. McDonald, Esq., Attorney for the Plaintiff, **UTSCH'S MARINA, INC.,** it is hereby

**ORDERED AND ADJUDGED** that pursuant to the Supplemental Rule E(9) of the Federal Rules of Civil Procedure, the United States Marshal for the District of New Jersey, be and hereby is, authorized and directed to sell the "Vessels" their engines, apparel and tackle, machinery masts, and spars, anchors, rigging, and boats, furniture, equipment and supplies, etc., on notice published in the Press of Atlantic City a newspaper of general circulation in South Jersey, for six consecutive days prior to the sale, to the highest and best bidder, said sale to take place ~~at _____ o'clock on the _____ day of _____, 2012 and be subject to the confirmation of the Court; and it is hereby further~~ on a date and at a time to be determined by the Marshal and to be subject to the confirmation of the Court; and it is hereby further

**ORDERED AND ADJUDGED**, the successful bidder shall pay a deposit of 10% of the bid at the time and place of the sale, and shall pay the remaining 90% within 48 hours of confirmation of the sale by this Court, and all payments are to be made in cash or by cashier's check expressed in currency of the United States; and it is hereby further

**ORDERED AND ADJUDGED**, that **UTSCH'S MARINA, INC.**, be entitled to bid on the indebtedness of Defendant(s) to **UTSCH'S MARINA, INC.**, or on any default judgment it may obtain, or any part thereof, in lieu of cash at the public sale of the "Vessels" and shall not be required to pay cash or other payment, either as a deposit at the time of sale or as a balance of the purchase price, and it is hereby further

**ORDERED AND ADJUDGED**, that the Marshall shall be directed to give notice of said public sale, to show in said notice the time and place where said sale will be conducted and to show in said notice that prospective bidders may come on application to the Marshal, at such times and in such manner as he may direct, board the said [vessels], but shall remain responsible for any reasonable fees and expenses incurred by the Marshal as well as any other payments or amounts as ordered by the Court:

4

"Vessels" for purposes of inspection thereof, and show in said notice, that the highest and best bidder, with the exception of **UTSCH'S MARINA, INC.**, as provided above, will be required to deliver to the Marshal at the time of said sale, in cash or certified check, earnest money to at least ten (10%) percent of the bid price, the balance thereof to be paid in cash or certified check within 48 hours of Court confirmation of the sale, and it is hereby further

**ORDERED AND ADJUDGED**, that all reasonable charges incurred by the Marshal and the Court appointed Substitute Custodian with respect to maintenance, custody and insurance of the "Vessels," all charges incurred by **UTSCH'S MARINA, INC.**, costs of arrest, costs of storage, wharfage, dockage, security, maintenance of the "Vessels," towage, berth shifting, insurance and other miscellaneous expenses of the "Vessels" while under arrest, and the cost of advertisement for sale by both the Marshal and **UTSCH'S MARINA, INC.**, shall be expenses of sale and will be taxed as costs of custodian legis against the proceeds of sale; and it is hereby further

**ORDERED AND ADJUDGED** that the sale shall be subject to confirmation or rejection by this Court upon motion by UTSCH'S MARINA, INC., and shall become final only upon confirmation by the Court; and it is hereby further

**ORDERED AND ADJUDGED**, that if full payment is not made in conformity with the above terms, the deposit shall be forfeited by the bidder; and it is hereby further

5

ORDERED AND ADJUDGED, that if the sale should not be confirmed, the United States Marshal shall return all deposits received from the highest bidder immediately after rejection of the sale by the court' and it is hereby further

ORDERED AND ADJUDGED, that after this Court has confirmed the sale of the "Vessels" and the purchasers have made full payment therefore, the United States Marshall shall deliver a Bill of Sale for the "Vessels" their engines, apparel, tackle, etc., to the confirmed purchaser and said "Vessels" shall be conveyed by the United States Marshal "as is, where is," free and clear of all liens, claims, and encumbrances whatsoever; and it is hereby further

ORDERED AND ADJUDGED, that the Marshal's fees and expenses, including any and all costs incurred in keeping the "Vessels" while under arrest and in advertising and arranging the sale thereof, shall be deemed administrative expenses of the Marshal; upon confirmation of the Marshal's fees and expenses by this Court, the Marshal is authorized to deduct said administrative expenses from the proceeds of the sale of the "Vessels," to refund deposits received from Plaintiff's incident to the "Vessels" arrest and custodianship, and to deposit the remainder of the proceeds with the clerk of the court, pending final disposition of this action o further Order of the Court.

Dated: 24th day of ~~June~~ August, 2012 at
Camden, New Jersey

~~Hon. Renee Marie Bumb~~ Joel Schneider
~~United~~ted States ~~District~~ Judge
Magistrate